IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


KEMA DAVIS                                                    PLAINTIFF


        v.                          CIVIL NO. 16-5146


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                               DEFENDANT

## MEMORANDUM OPINION


Plaintiff, Kema Davis, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying her claims for supplemental security income (SSI) benefits under the

provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court

must determine whether there is substantial evidence in the administrative record to support

the Commissioner's decision.  See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on May 14, 2013, alleging an

inability to work due to fibromyalgia, back pain, osteoarthritis, hyper thyroid, an enlarged liver,

depression, anxiety and migraines.  (Tr.  85-86, 177). An administrative video hearing was

held on June 5, 2014, at which Plaintiff appeared with counsel and testified. (Tr. 39-63).

By written decision dated January 27, 2015, the ALJ found that during the relevant

time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr.

23).  Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia,

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

lumbago, migraine headaches, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 26). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights.

(Tr. 26). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as an automotive title clerk. (Tr. 32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff denied that request on April 15, 2016. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th

Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 29th day of November 2017.


/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE